IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF PENNSYLVANIA

PAUL DEPPENBROOK, ED ANTHONSEN,
JOHN E. ATKINSON, LEE
BLANKENBICKER, MICHAEL E.
BURCKURE, RALPH CANANZI,
HARRY P. CARCASE, PAUL BRUCE
CERATTI, FRANK CHRICO,
E.J. CORBIN, DAVID CORY,
ROGER COTTERMAN, ARTHUR BRUCE
CRIBBS, WILLIAM EATON, FRANK R.
FERRERI, TERRY LEE FLUENT,
JOHN W. FRITZ, JR., WILLLIAM GIPSON,
OLSON W. GLOVER, RON GOSSARD,
CLIFFORD J. HALSTEAD,
ROBERT HEATON, ROBERT C. HERRINGTON,
WAYNE HOSCH, JAMES MICHAEL HOWE,
ROBERT H. HUSTON, CHARLES W.
HUTINGTON, RAYMOND A. KANE,
KEITH A. KNOX, JACK E. LIBERT,
JAMES M. MANNION, JOHN R. MCDANEL,
WILLIAM L. MCDOWELL, ALBERT MOORE
(A/K/A/ DENNY MOORE), DAVID W. NAMOLA,
JAMES P. NESTASIE, FRANK RAY PARRISH,
THOMAS R. PARRISH, JERRY W. POWERS,
THOMAS M. PROCOVICH, RICHARD M. RIHELY,
CARL ROSE, PAUL KANE, LEX HERBANIK,
TONY BRIANSESCO, CHARLES MAHOSKY,
STANLEY TURAK, ART EVENS, HOWARD D.
SHULER, JR., ROBERT TAYLOR,
JACK THOMAS, DENNIS THUMM, JOSEPH
TRZCINSKI, WILLIAM J. VENEZIE, SR.,
EDWARD M. WALSH, and LOUIS A. YOUNG,

          **Plaintiffs**

-vs-

PENSION BENEFIT GUARANTY
CORPORATION,

        **Defendant.**

_____/

RECEIVED

JAN 2 8 2010

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

10-0134

CASE NUMBER

## VERIFIED COMPLAINT

The Plaintiffs, named above, and acting on a *pro se* basis, sue

the Defendant as follows:

## JURISDICTIONAL ALLEGATIONS

1.    The jurisdiction of this Court is invoked under § 4003(f) of the Employee Retirement Income Security Act of 1974 (29 USC § 1303(f)).

2.    The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that the Plaintiffs and the Defendant are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

3.    The Defendant, PBGC is a federal corporation that was established by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1301-1461(ERISA) for the purpose of administering the single employer pension plan termination insurance program.

4.    PBGC insurance program currently protects the pensions of approximately 44 million working men and women in slightly more than 35,000 private defined benefit pension plans.

5.    In fiscal year 2002, PBGC paid over $2.5 billion in benefits to almost 459,000 people.

6.    Under this insurance program, PBGC guarantees the payment of certain minimum pension benefits to pension plan participants in the event that a covered plan terminates with insufficient assets to pay the benefits in full.  29 U.S.C. §1302(a)(2) and 1322, and 1361.

7.    PBGC receives no funds from general tax revenues.

8.    According to 29 U.S.C. §1302(g)(2), 1306 and 1362, its operations are financed using income from four basic sources:

    a.    insurance premiums set by congress and paid by sponsors of defined benefit plans,

2

     b.   investment income,

     c.   assets in terminated plans, and

     d.   recoveries, if any, from employers whose underfunded pans have terminated.

9.   PBGC operates under the guidance of its board of directors, which is composed of the Secretaries of Labor, Commerce and the Treasury.

10.   The mission of PBGC, according to 29 U.S.C. §1302(a)(1)-(3), is to protect participants' pension benefits and to support a healthy retirement plan system by:

     a.   encouraging the continuation and maintenance of voluntary private pension plan for the benefit of their participants,

     b.   providing timely payments of benefits in the case of terminated pension plans, and

     c.   making the maximum use of its resources while at the same time maintaining premiums at the lowest levels consistent with its statutory responsibilities.

11.   Consequently, PBGC negotiated agreements with Republic Technologies International ("RTI") whereby RTI pledged to make payments in excess of the statutory minimum in return for PBGC's agreement to refrain from initiating proceedings.

12.   At RTI's request PBGC repeatedly agreed to defer RTI's contribution payments.

13.   PBGC ultimately agreed to defer RTI's contributions until January 1, 2002.

14.   At all times relevant hereto, the Plaintiffs were working pursuant to the terms of a collective bargaining agreement at the Republic Technologies International, Beaver Falls Facility.

15. That collective bargaining agreement contained certain provisions that pertained to pension benefits to be accorded its employees, including the Plaintiffs named herein.

16. Each of the Plaintiffs named herein were also formerly employed by LTV Steel prior to working for RTI.

17. Pensions gained from LTV Steel were also administered by the Defendant.

18. The pension plan in question is entitled "Republic Technologies International, LLC-USWA Defined Benefit Plan, Amended and Restated Effective as of September 8, 1998."

19. The applicable provisions of the Agreement that pertain to the Plaintiffs, in this case, are:

A. For each bargaining unit Employee who was accruing continuous service with LTV as of the Closing Date and who becomes an Employee of Republic Engineer Steels, Republic Engineers Steel shall recognize all LTV-credited service as if it were earned with Republic Engineered Steels and such past service recognition shall apply for all continuous service purposes. Each Employee shall have continuous service record as is shown on the employment records of the Company for such Employee, and he shall accumulate additional continuous service in accordance with Subparagraph C below, until his continuous service record shall be broken in which event his continuous service record shall end and be canceled.

B. Each new Employee and each person rehired after the

4

cancellation of his continuous service record shall accumulate continuous service from the date of such hiring or rehiring, as the case may be, in accordance with Subparagraph C below, until his continuous service record is broken, in which event his continuous service record shall end and be canceled.

C.   The rules for determining a break in a continuous service record, which were first adopted at each separate unit on the date of its first labor agreement and as subsequently amended in the respective labor agreements since that time, and which shall have no application at each separate unit prior to that respective time, shall continue to be used to determine the occurrence of a break in a continuous service record prior to August 1, 1968. From August 1, 1968 forward, the following rules shall be used to determine a break in a continuous service record:

1.   Voluntarily quitting the service;

2.   Discharge from the service, provided that if the employee is rehired within 6 months the break in continuous service shall be removed;

3.   Termination in accordance with Article XXXIV - Severance Allowance of the MLA;

4.   Absence in excess of two (2) years,

except as provided in Subparagraph C(5) below; or

5.   Absence due either to layoff or physical disability, or both, which continues beyond specified in this Subparagraph C (5). If any Employee is absent because of layoff or nonoccupational physical disability, or both, in excess of two years, he shall continue to accumulate continuous service during such absence for an additional period equal to (i) 3 years, or (ii) the excess, if any, of his length of continuous service at commencement of such absence offer 2 years, whichever is less. Any accumulation in excess of two (2) years during such absence shall be counted, however, only for purposes of this Article, including local agreements thereunder, and shall not be counted for any other purpose under this or any other agreement between the Company and the International Union. In order to avoid a break in service within the above period after an absence in excess of two (2) years, an Employee absent because of

6

layoff   or   nonoccupational   physical
disability, or both, must report for work
promptly   upon   termination   of   either
cause, provided, in the case of layoff,
the Company has mailed a recall notice to
the last address furnished to the Company
by the Employee.   An Employee absent
because  of  a  compensable  disability
incurred during the course of employment
shall   accumulate   continuous   service,
provided such person is returned to work
within thirty (30) calendar days after
the end of the period for which he is
unemployed   and   for   which   workers'
compensation is payable to him.

20.  Also applicable to the benefits of the Plaintiffs upon
which the Defendant's actions are having a negative impact are the
terms of the Republic Technologies International, LLC - USW Defined
Benefit Plan, Amended and Restated Effective as of September 8,
1998, a copy of which is attached hereto and incorporated herein.

21.  Also applicable to the benefits of the Plaintiffs upon
which the Defendant's actions are having a negative impact are the
terms of the Republic Technologies International, LLC - USW Defined
Benefit Plan Appendix, A, also attached hereto and incorporated
herein.

22.  The Plaintiffs also attach hereto,  and  incorporate

7

herein, the Termsheet of the 1998 Pension Agreement between United Steelworkers of America, AFL-CIO and their former employer, marked "final" as of October 5, 1998.

23. In the case of each Plaintiff, the Defendant denied "shutdown benefits" to which they are entitled under the May 1, 2002 WARN Notice that issued. Instead, it is paying the Plaintiffs a lesser amount than the amount they should be paid.

24. As for Plaintiff, Paul Deppenbrook, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 28.6 years.

25. Having retired with 28.6 of seniority, Paul Deppenbrook was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

26. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Paul Deppenbrook.

27. As a consequence, Paul Deppenbrook has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

28. Specific complaints of Paul Deppenbrook that should be brought to the Court's attention include:

a. The Defendant acted on the Republic Technologies International, Beaver Falls Facility plan, and prevented his pension from starring, knowing that the Beaver Falls Plant could not be saved, and pursuant to a WARN notification.

b. The Defendant acted on an assumed agreement that was never signed.

8

c. The Defendant could have asked the United States Trustees to object to the sale of Republic Technologies International, Beaver Falls Facility which may have prevented the loss of pension shutdown benefits.

d. The Defendant failed to protect his pension from 1998 through 2002.

e. The Defendant permitted his pension to be severely underfunded.

f. The Defendant discriminated against him in the way that his pension was processed.

g. The Defendant failed to honor grievance settlements dated December 18,1998, that were made known to them.

h. The Defendant failed to process disability pensions.

i. The Defendant conspired to deny pensions.

j. The Defendant refused to accept that some facilities were shutdown and not party to the sale to KPS. They were known as un-acquired facilities and were subject to the WARN notification act.

k. The Defendant allowed fraud to take place in the bankruptcy of RTI.

l. The Defendant gave false information to the RTI Beaver Falls employees.

29. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Paul Deppenbrook was proximately caused, by the Defendant, to suffer losses as set forth herein.

30. This action is timely brought, because Plaintiff Paul Deppenbrook has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

31. As for Plaintiff, Ed Anthonsen, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 24 years.

32. Having retired with 24 of seniority, Ed Anthonsen was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

33. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Ed Anthonsen.

34. As a consequence, Ed Anthonsen has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

35. Specific complaints of Ed Anthonsen that should be brought to the Court's attention include:

      a.   He was given no creep time.

      b.   It took two years to process his pension.

      c.   The Defendant failed to follow the first WARN Notice about the pending shutdown of the Republic Technologies International, Beaver Falls Facility.

      d.   The Defendant failed to recognize the differences between an acquired facility versus an unacquired facility.

36. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Ed Anthonsen was proximately caused, by the Defendant, to suffer losses as set forth herein.

37. This action is timely brought, because Plaintiff Ed

Anthonsen has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

38. As for Plaintiff, John E. Atkinson, Sr., he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 29 years and 2 months years.

39. Having retired with 29 years and 2 months of seniority, John E. Atkinson, Sr. was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

40. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff John E. Atkinson, Sr..

41. As a consequence, John E. Atkinson, Sr. has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

42. Specific complaints of John E. Atkinson, Sr. that should be brought to the Court's attention include:

that he was told that his LTV Steel pension was rolled over into his Republic Technologies International, Beaver Falls Facility pension, while it was not.

43. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff John E. Atkinson, Sr. was proximately caused, by the Defendant, to suffer losses as set forth herein.

44. This action is timely brought, because Plaintiff John E.

11

Atkinson, Sr. has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

45. As for Plaintiff, Lee Blankenbicker, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 33 years and 3 months years.

46. Having retired with 33 years and 3 months of seniority, Lee Blankenbicker was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

47. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Lee Blankenbicker.

48. As a consequence, Lee Blankenbicker has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

49. Specific complaints of Lee Blankenbicker that should be brought to the Court's attention include:

the Defendant reduced his pension by $200.00 monthly because that was given to his former wife, despite the fact that she had no entitlement thereto.

50. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Lee Blankenbicker was proximately caused, by the Defendant, to suffer losses as set forth herein.

51. This action is timely brought, because Plaintiff Lee Blankenbicker has just been notified of action being taken by the

Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

52. As for Plaintiff, Michael E. Burckure, Jr., he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for over 29 years.

53. Having retired with over 29 years of seniority, Michael E. Burckure, Jr. was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

54. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Michael E. Burckure, Jr..

55. As a consequence, Michael E. Burckure, Jr. has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

56. Specific complaints of Michael E. Burckure, Jr. that should be brought to the Court's attention include:

        a.    The Defendant has failed to send any checks to him, despite his having sent all requested paperwork to the Defendant.

        b.    The Defendant refused to accept his DCP money back.

        c.    The Defendant denied all of his shutdown benefits when the Republic Technologies International, Beaver Falls Facility closed.

        d.    The Defendant had underfunded this pension fund.

57. As a consequence of the actions of the Defendant, and

because of the information set forth in the above sub-paragraphs, Plaintiff Michael E. Burckure, Jr. was proximately caused, by the Defendant, to suffer losses as set forth herein.

58.   This action is timely brought, because Plaintiff Michael E. Burckure, Jr. has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

59.   As for Plaintiff, Ralph Cananzi, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 29 years and 2 days years.

60.   Having retired with 29 years and 2 days of seniority, Ralph Cananzi was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

61.   For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Ralph Cananzi.

62.   As a consequence, Ralph Cananzi has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

63.   Specific complaints of Ralph Cananzi that should be brought to the Court's attention include:

   a.   He has received absolutely no retirement benefits from the Defendant.

   b.   Written communications and telephone calls made to the Defendant by him were ignored.

   c.   The Defendant refused to accept his DCP money.

d.   He has never received any of his money back from the DCP offset.

e.   He is owed back money from August 16, 2002 to the present.

64.  As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Ralph Cananzi was proximately caused, by the Defendant, to suffer losses as set forth herein.

65.  This action is timely brought, because Plaintiff Ralph Cananzi has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

66.  As for Plaintiff, Harry P. Carcase, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 29 years and 10 months years.

67.  Having retired with 29 years and 10 months of seniority, Harry P. Carcase was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

68.  For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Harry P. Carcase.

69.  As a consequence, Harry P. Carcase has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

70.  Specific complaints of Harry P. Carcase that should be brought to the Court's attention include:

wrongful reducing his pension

71. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Harry P. Carcase was proximately caused, by the Defendant, to suffer losses as set forth herein.

72. This action is timely brought, because Plaintiff Harry P. Carcase has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

73. As for Plaintiff, Paul Bruce Ceratti, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 33 years.

74. Having retired with 33 years of seniority, Paul Bruce Ceratti was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

75. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Paul Bruce Ceratti.

76. As a consequence, Paul Bruce Ceratti has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

77. Specific complaints of Paul Bruce Ceratti that should be brought to the Court's attention include:

    a.   The Defendant refused his DCP money, causing his monthly pension payment to be decreased.

      b.   The   Defendant   intentionally   delayed   his shutdown benefits.

      c.   The Defendant failed to honor a court order concerning divorce of Mr. Ceratti in changing spousal benefits.

78. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Paul Bruce Ceratti was proximately caused, by the Defendant, to suffer losses as set forth herein.

79. This action is timely brought, because Plaintiff Paul Bruce Ceratti has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

80. As for Plaintiff, Frank Chrico, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 26 years.

81. Having retired with 26 years of seniority, Frank Chrico was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

82. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Frank Chrico.

83. As a consequence, Frank Chrico has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

84. Specific complaints of Frank Chrico that should be brought to the Court's attention include:

after two years, the Defendant sent him a letter in which he was notified that his pension payments would be reduced by $52.29.

85. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Frank Chrico was proximately caused, by the Defendant, to suffer losses as set forth herein.

86. This action is timely brought, because Plaintiff Frank Chrico has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

87. As for Plaintiff, E.J. Corbin, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 29 years and 5 months years.

88. Having retired with 29 years and 5 months of seniority, E.J. Corbin was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

89. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff E.J. Corbin.

90. As a consequence, E.J. Corbin has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

91. Specific complaints of E.J. Corbin that should be brought to the Court's attention include:

    a. His standard of living was lost because the Defendant caused him to lose one-half of his pension.

> b.   Because the Defendant caused him to lose his
> LTV Steel pension, he lost his house.

92.   As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff E.J. Corbin was proximately caused, by the Defendant, to suffer losses as set forth herein.

93.   This action is timely brought, because Plaintiff E.J. Corbin has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

94.   As for Plaintiff, David Cory, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 33 years and 8 months.

95.   Having retired with 33 years and 8 months of seniority, David Cory was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

96.   For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff David Cory.

97.   As a consequence, David Cory has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

98.   As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff David Cory was proximately caused, by the Defendant, to suffer losses as set forth herein.

99. This action is timely brought, because Plaintiff David Cory has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

100. As for Plaintiff, Roger Cotterman, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 28 years and 11 months years.

101. Having retired with 28 years and 11 months of seniority, Roger Cotterman was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

102. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Roger Cotterman.

103. As a consequence, Roger Cotterman has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

104. Specific complaints of Roger Cotterman that should be brought to the Court's attention include:
various misrepresentations were made to him by the Defendant.

105. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Roger Cotterman was proximately caused, by the Defendant, to suffer losses as set forth herein.

106. This action is timely brought, because Plaintiff Roger Cotterman has just been notified of action being taken by the

20

Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

107. As for Plaintiff, Arthur Bruce Cribbs, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 29 years.

108. Having retired with 29 years of seniority, Arthur Bruce Cribbs was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

109. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Arthur Bruce Cribbs.

110. As a consequence, Arthur Bruce Cribbs has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

111. Specific complaints of Arthur Bruce Cribbs that should be brought to the Court's attention include:
it totally denied him his pension.

112. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Arthur Bruce Cribbs was proximately caused, by the Defendant, to suffer losses as set forth herein.

113. This action is timely brought, because Plaintiff Arthur Bruce Cribbs has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the

loss of the aforementioned pension benefits.

114. As for Plaintiff, William Eaton, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 29 years and 11 months years.

115. Having retired with 29 years and 11 months of seniority, William Eaton was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

116. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff William Eaton.

117. As a consequence, William Eaton has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

118. Specific complaints of William Eaton that should be brought to the Court's attention include:

     a.    One Ms. Davis, who worked with the Defendant, advised him that his entire pension was with LTV Steel.

     b.    He was constantly being told that his paperwork was being processed when, in fact, it was not.

119. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff William Eaton was proximately caused, by the Defendant, to suffer losses as set forth herein.

120. This action is timely brought, because Plaintiff William Eaton has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the

aforementioned pension benefits.

121. As for Plaintiff, Frank R. Ferreri, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 33 years.

122. Having retired with 33 years of seniority, Frank R. Ferreri was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

123. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Frank R. Ferreri.

124. As a consequence, Frank R. Ferreri has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

125. Specific complaints of Frank R. Ferreri that should be brought to the Court's attention include:

     a.    The Defendant is reducing his benefit by $32.04 per month since August of 2002.

     b.    He lost his vacation time or back money earned through vacation time for which he was not compensated.

126. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Frank R. Ferreri was proximately caused, by the Defendant, to suffer losses as set forth herein.

127. This action is timely brought, because Plaintiff Frank R. Ferreri has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the

loss of the aforementioned pension benefits.

128. As for Plaintiff, Terry Lee Fluent, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 29 years and 6 months years.

129. Having retired with 29 years and 6 months of seniority, Terry Lee Fluent was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

130. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Terry Lee Fluent.

131. As a consequence, Terry Lee Fluent has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

132. Specific complaints of Terry Lee Fluent that should be brought to the Court's attention include:

    a.   The Defendant refused to accept his DCP money.

    b.   The Defendant delayed his pension processing and refused to permit Republic Technologies International, Beaver Falls Facility to pay him in the meantime.

    c.   the Defendant denied his shutdown benefits when the Beaver Falls facility closed, .

133. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Terry Lee Fluent was proximately caused, by the Defendant, to suffer losses as set forth herein.

134. This action is timely brought, because Plaintiff Terry

Lee Fluent has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

135. As for Plaintiff, John W. Fritz, Jr., he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 33 years, 8 months, and 5 days years.

136. Having retired with 33 years, 8 months, and 5 days of seniority, John W. Fritz, Jr. was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

137. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff John W. Fritz, Jr..

138. As a consequence, John W. Fritz, Jr. has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

139. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff John W. Fritz, Jr. was proximately caused, by the Defendant, to suffer losses as set forth herein.

140. This action is timely brought, because Plaintiff John W. Fritz, Jr. has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

141. As for Plaintiff, William Gipson, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for

14 years and 6 months years.

142. Having retired with 14 years and 6 months of seniority, William Gipson was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

143. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff William Gipson.

144. As a consequence, William Gipson has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

145. Specific complaints of William Gipson that should be brought to the Court's attention include:

    a. The Defendant refused to accept his DCP money.

    b. The Defendant delayed his pension processing and refused to permit Republic Technologies International, Beaver Falls Facility to pay.

    c. The Defendant denied his shutdown benefits.

    d. The Defendant denied his creep time, in violation of the contract.

146. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff William Gipson was proximately caused, by the Defendant, to suffer losses as set forth herein.

147. This action is timely brought, because Plaintiff William Gipson has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the

loss of the aforementioned pension benefits.

148. As for Plaintiff, Olson W. Glover, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 29 years and 6 months years.

149. Having retired with 29 years and 6 months of seniority, Olson W. Glover was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

150. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Olson W. Glover.

151. As a consequence, Olson W. Glover has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

152. Specific complaints of Olson W. Glover that should be brought to the Court's attention include:
in that the Defendant delayed his pension.

153. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Olson W. Glover was proximately caused, by the Defendant, to suffer losses as set forth herein.

154. This action is timely brought, because Plaintiff Olson W. Glover has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

155. As for Plaintiff, Ron Gossard, he worked at Republic

Technologies International, Beaver Falls Facility and LTV Steel for
between 27 and 28 years.

156. Having retired with between 27 and 28 years of seniority,
Ron Gossard was entitled, by the terms of his contract, to creep
time, which would have placed him into the position of being
eligible to receive a full pension.

157. For reasons that are presently unknown, the Defendant
chose not to award this creep time to Plaintiff Ron Gossard.

158. As a consequence, Ron Gossard has been caused to lose a
substantial retirement benefit, in the form of a full pension, and
he will continue to lose that sum of money for the remainder of his
life.

159. Specific complaints of Ron Gossard that should be brought
to the Court's attention include:

    a.   He lost money because this pension plan was
underfunded from the beginning.

    b.   He suffered emotional distress as a result of
the actions of the Defendant.

160. As a consequence of the actions of the Defendant, and
because of the information set forth in the above sub-paragraphs,
Plaintiff Ron Gossard was proximately caused, by the Defendant, to
suffer losses as set forth herein.

161. This action is timely brought, because Plaintiff Ron
Gossard has just been notified of action being taken by the
Defendant that, if not stopped by this Court, will result in the
loss of the aforementioned pension benefits.

162. As for Plaintiff, Clifford J. Halstead, he worked at

Republic Technologies International, Beaver Falls Facility and LTV Steel for 29 years and 5 months years.

163. Having retired with 29 years and 5 months of seniority, Clifford J. Halstead was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

164. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Clifford J. Halstead.

165. As a consequence, Clifford J. Halstead has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

166. Specific complaints of Clifford J. Halstead that should be brought to the Court's attention include:

      a.    The Defendant refused to accept his DCP money, which caused his monthly pension payment to be decreased.

      b.    The Defendant delayed the processing of his pension paperwork, causing delays that resulted in losses to him.

      c.    The Defendant denied his creep time.

      d.    The Defendant denied his contractual shutdown benefits that should have been received at the time that the Republic Technologies International, Beaver Falls Facility closed.

167. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Clifford J. Halstead was proximately caused, by the Defendant, to suffer losses as set forth herein.

168. This action is timely brought, because Plaintiff Clifford J. Halstead has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

169. As for Plaintiff, Robert Heaton, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 37.3 years.

170. Having retired with 37.3 years of seniority, Robert Heaton was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

171. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Robert Heaton.

172. As a consequence, Robert Heaton has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

173. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Robert Heaton was proximately caused, by the Defendant, to suffer losses as set forth herein.

174. This action is timely brought, because Plaintiff Robert Heaton has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

175. As for Plaintiff, Robert C. Herrington, he worked at

Republic Technologies International, Beaver Falls Facility and LTV Steel for 28.5 years.

176. Having retired with 28.5 years of seniority, Robert C. Herrington was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

177. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Robert C. Herrington.

178. As a consequence, Robert C. Herrington has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

179. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Robert C. Herrington was proximately caused, by the Defendant, to suffer losses as set forth herein.

180. This action is timely brought, because Plaintiff Robert C. Herrington has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

181. As for Plaintiff, Wayne Hosch, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 33.5 years.

182. Having retired with 33.5 years of seniority, Wayne Hosch was entitled, by the terms of his contract, to creep time, which

would have placed him into the position of being eligible to receive a full pension.

183. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Wayne Hosch.

184. As a consequence, Wayne Hosch has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

185. Specific complaints of Wayne Hosch that should be brought to the Court's attention include:

      a.    The Defendant delayed his shutdown benefits.

      b.    The Defendant delayed processing his pension request, thus causing him losses.

      c.    The Defendant wrongfully lowered his monthly pension benefits.

186. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Wayne Hosch was proximately caused, by the Defendant, to suffer losses as set forth herein.

187. This action is timely brought, because Plaintiff Wayne Hosch has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

188. As for Plaintiff, James Michael Howe, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 33 years and 5 months years.

189. Having retired with 33 years and 5 months of seniority,

James Michael Howe was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

190. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff James Michael Howe.

191. As a consequence, James Michael Howe has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

192. Specific complaints of James Michael Howe that should be brought to the Court's attention include:

    a.   The Defendant showed an inability to correctly calculate his pension benefits.

    b.   The Defendant wrongfully reduced his monthly pension benefits.

193. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff James Michael Howe was proximately caused, by the Defendant, to suffer losses as set forth herein.

194. This action is timely brought, because Plaintiff James Michael Howe has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

195. As for Plaintiff, Robert H. Huston, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 32 years, 10 months, and 16 days years.

196. Having retired with 32 years, 10 months, and 16 days of

seniority, Robert H. Huston was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

197. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Robert H. Huston.

198. As a consequence, Robert H. Huston has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

199. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Robert H. Huston was proximately caused, by the Defendant, to suffer losses as set forth herein.

200. This action is timely brought, because Plaintiff Robert H. Huston has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

201. As for Plaintiff, Charles W. Hutington, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 35 years.

202. Having retired with 35 years of seniority, Charles W. Hutington was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

203. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Charles W.

Hutington.

204. As a consequence, Charles W. Hutington has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

205. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Charles W. Hutington was proximately caused, by the Defendant, to suffer losses as set forth herein.

206. This action is timely brought, because Plaintiff Charles W. Hutington has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

207. As for Plaintiff, Raymond A. Kane, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 14 years, 3 months, and 28 days years.

208. Having retired with 14 years, 3 months, and 28 days of seniority, Raymond A. Kane was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

209. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Raymond A. Kane.

210. As a consequence, Raymond A. Kane has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

211. Specific complaints of Raymond A. Kane that should be brought to the Court's attention include:

      a.    The Defendant refused to accept his DCP money, causing a loss in his monthly pension benefit.

      b.    The Defendant delayed the amount of time it took to calculate his pension, costing him a sizeable amount of money.

      c.    The Defendant denied his shutdown benefits when the Republic Technologies International, Beaver Falls Facility closed, in accordance with the terms of the contract.

212. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Raymond A. Kane was proximately caused, by the Defendant, to suffer losses as set forth herein.

213. This action is timely brought, because Plaintiff Raymond A. Kane has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

214. As for Plaintiff, Keith A. Knox, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 33.5 years.

215. Having retired with 33.5 years of seniority, Keith A. Knox was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

216. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Keith A. Knox.

217. As a consequence, Keith A. Knox has been caused to lose

a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

218. Specific complaints of Keith A. Knox that should be brought to the Court's attention include:

      a.   The Defendant wrongfully reduced his pension several times.

      b.   The Defendant denied his contractual shutdown benefits.

      c.   The Defendant wrongfully retained his DCP money and did not give him a corresponding offset.

      d.   The Defendant withheld pension information from him which cost his family a lot of money.

219. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Keith A. Knox was proximately caused, by the Defendant, to suffer losses as set forth herein.

220. This action is timely brought, because Plaintiff Keith A. Knox has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

221. As for Plaintiff, Jack E. Libert, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 35 years.

222. Having retired with 35 years of seniority, Jack E. Libert was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

223. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Jack E. Libert.

224. As a consequence, Jack E. Libert has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

225. Specific complaints of Jack E. Libert that should be brought to the Court's attention include:

    a.   The Defendant denied him his contractual shutdown benefits.

    b.   The Defendant recalculated and reduced his pension benefits.

    c.   The Defendant forced him to pay back money that it said had been overpaid to him.

226. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Jack E. Libert was proximately caused, by the Defendant, to suffer losses as set forth herein.

227. This action is timely brought, because Plaintiff Jack E. Libert has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

228. As for Plaintiff, James M. Mannion, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 38 years.

229. Having retired with 38 years of seniority, James M. Mannion was entitled, by the terms of his contract, to creep time,

which would have placed him into the position of being eligible to receive a full pension.

230. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff James M. Mannion.

231. As a consequence, James M. Mannion has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

232. Specific complaints of James M. Mannion that should be brought to the Court's attention include:

> a. The Defendant took over his pension early and applied the provisions of the 1999 contract, notwithstanding the fact that it had not been approved.

> b. The Defendant refused to accept his DCP money.

233. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff James M. Mannion was proximately caused, by the Defendant, to suffer losses as set forth herein.

234. This action is timely brought, because Plaintiff James M. Mannion has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

235. As for Plaintiff, John R. McDanel, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 12.8 years.

236. Having retired with 26.5 years of seniority, John R. McDanel was entitled, by the terms of his contract, to creep time,

which would have placed him into the position of being eligible to receive a full pension.

237. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff John R. McDanel.

238. As a consequence, John R. McDanel has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

239. Specific complaints of John R. McDanel that should be brought to the Court's attention include:

    a.   The Defendant failed to protect his pension, despite a duty to do so.

    b.   The Defendant failed to give him the creep time to which he was entitled.

    c.   The Defendant made him wait for over two years before beginning to pay him his pension.

    d.   Despite applying for and receiving a disability, the Defendant refused to grant him disability.

240. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff John R. McDanel was proximately caused, by the Defendant, to suffer losses as set forth herein.

241. This action is timely brought, because Plaintiff John R. McDanel has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

242. As for Plaintiff, William L. McDowell, he worked at

Republic Technologies International, Beaver Falls Facility and LTV Steel for 36 years.

243. Having retired with 36 years of seniority, William L. McDowell was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

244. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff William L. McDowell.

245. As a consequence, William L. McDowell has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

246. Specific complaints of William L. McDowell that should be brought to the Court's attention include:

in that the Defendant did not pay him the amount to which he was entitled.

247. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff William L. McDowell was proximately caused, by the Defendant, to suffer losses as set forth herein.

248. This action is timely brought, because Plaintiff William L. McDowell has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

249. As for Plaintiff, Albert Moore (a/k/a/ Denny Moore), he worked at Republic Technologies International, Beaver Falls

Facility and LTV Steel for 29 years and 4 months years.

250. Having retired with 29 years and 4 months of seniority, Albert Moore (a/k/a/ Denny Moore) was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

251. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Albert Moore (a/k/a/ Denny Moore).

252. As a consequence, Albert Moore (a/k/a/ Denny Moore) has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

253. Specific complaints of Albert Moore (a/k/a/ Denny Moore) that should be brought to the Court's attention include:

    a. The Defendant failed to fully follow the contract.

    b. He was offered a job at Keystone, but was told that if he took the job, he'd lose all rights to his pension until he was 62 years old.

254. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Albert Moore (a/k/a/ Denny Moore) was proximately caused, by the Defendant, to suffer losses as set forth herein.

255. This action is timely brought, because Plaintiff Albert Moore (a/k/a/ Denny Moore) has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

256. As for Plaintiff, David W. Namola, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 29 years, 11 months, and 19 days years.

257. Having retired with 29 years, 11 months, and 19 days of seniority, David W. Namola was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

258. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff David W. Namola.

259. As a consequence, David W. Namola has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

260. Specific complaints of David W. Namola that should be brought to the Court's attention include:

in that his LTV Steel pension was not vested with the Defendant, despite having been told to roll it over into an IRA.

261. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff David W. Namola was proximately caused, by the Defendant, to suffer losses as set forth herein.

262. This action is timely brought, because Plaintiff David W. Namola has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

263. As for Plaintiff, James P. Nestasie, he worked at Republic Technologies International, Beaver Falls Facility and LTV

Steel for 28 years.

264. Having retired with 28 years of seniority, James P. Nestasie was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

265. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff James P. Nestasie.

266. As a consequence, James P. Nestasie has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

267. Specific complaints of James P. Nestasie that should be brought to the Court's attention include:

    a.    The Defendant refused to accept his DCP money.

    b.    The Defendant delayed his pension process, costing him money.

268. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff James P. Nestasie was proximately caused, by the Defendant, to suffer losses as set forth herein.

269. This action is timely brought, because Plaintiff James P. Nestasie has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

270. As for Plaintiff, Frank Ray Parrish, he worked at Republic Technologies International, Beaver Falls Facility and LTV

Steel for 29 years and 7 months years.

271. Having retired with 29 years and 7 months of seniority, Frank Ray Parrish was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

272. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Frank Ray Parrish.

273. As a consequence, Frank Ray Parrish has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

274. Specific complaints of Frank Ray Parrish that should be brought to the Court's attention include:

    a.    The Defendant failed to protect his pension when, during bankruptcy proceedings, it was discovered that certain, less-than-proper things were going on relative to his pension fund.

    b.    The Defendant refused to give me the creep time to which he was entitled.

    c.    Although declared to be legally blind, he was not given a disability pension.

275. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Frank Ray Parrish was proximately caused, by the Defendant, to suffer losses as set forth herein.

276. This action is timely brought, because Plaintiff Frank Ray Parrish has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

277. As for Plaintiff, Thomas R. Parrish, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 33 years.

278. Having retired with 33 years of seniority, Thomas R. Parrish was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

279. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Thomas R. Parrish.

280. As a consequence, Thomas R. Parrish has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

281. Specific complaints of Thomas R. Parrish that should be brought to the Court's attention include:
in that it shorted him the amount of pension he deserved.

282. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Thomas R. Parrish was proximately caused, by the Defendant, to suffer losses as set forth herein.

283. This action is timely brought, because Plaintiff Thomas R. Parrish has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

284. As for Plaintiff, Jerry W. Powers, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for

33 years and 3 months years.

285. Having retired with 33 years and 3 months of seniority, Jerry W. Powers was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

286. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Jerry W. Powers.

287. As a consequence, Jerry W. Powers has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

288. Specific complaints of Jerry W. Powers that should be brought to the Court's attention include:

     a.  He was denied his shutdown benefits, by the Defendant, when the Republic Technologies International, Beaver Falls Facility closed.

     b.  His pension was cut approximately two years after it began.

289. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Jerry W. Powers was proximately caused, by the Defendant, to suffer losses as set forth herein.

290. This action is timely brought, because Plaintiff Jerry W. Powers has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

291. As for Plaintiff, Thomas M. Procovich, he worked at

Republic Technologies International, Beaver Falls Facility and LTV Steel for 14 years and 7 months years.

292. Having retired with 14 years and 7 months of seniority, Thomas M. Procovich was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

293. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Thomas M. Procovich.

294. As a consequence, Thomas M. Procovich has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

295. Specific complaints of Thomas M. Procovich that should be brought to the Court's attention include:

> a.    The Defendant denied his shutdown benefits when the Republic Technologies International, Beaver Falls Facility closed.
>
> b.    The Defendant denied his creep time in accordance with his contract.

296. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Thomas M. Procovich was proximately caused, by the Defendant, to suffer losses as set forth herein.

297. This action is timely brought, because Plaintiff Thomas M. Procovich has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the

loss of the aforementioned pension benefits.

298. As for Plaintiff, Richard M. Rihely, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 29 years and 11 months years.

299. Having retired with 29 years and 11 months of seniority, Richard M. Rihely was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

300. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Richard M. Rihely.

301. As a consequence, Richard M. Rihely has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

302. Specific complaints of Richard M. Rihely that should be brought to the Court's attention include:

  a. The Defendant refused to accept his DCP money.

  b. The Defendant delayed his pension and refused to allow Republic Technologies International, Beaver Falls Facility to pay his monthly benefits.

  c. The Defendant denied his creep time in accordance with his contract.

  d. In short, he says that the Defendant "left him out to dry."

303. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Richard M. Rihely was proximately caused, by the Defendant, to suffer losses as set forth herein.

304. This action is timely brought, because Plaintiff Richard M. Rihely has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

305. As for Plaintiff, Carl Rose, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 34 years and 8 months years.

306. Having retired with 34 years and 8 months of seniority, Carl Rose was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

307. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Carl Rose.

308. As a consequence, Carl Rose has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

309. Specific complaints of Carl Rose that should be brought to the Court's attention include:
in that the Defendant refused to take his DCP money.

310. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Carl Rose was proximately caused, by the Defendant, to suffer losses as set forth herein.

311. This action is timely brought, because Plaintiff Carl Rose has just been notified of action being taken by the Defendant

that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

312. As for Plaintiff, Howard D. Shuler, Jr., he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 33 1/2 years.

313. Having retired with 33 1/2 years of seniority, Howard D. Shuler, Jr. was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

314. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Howard D. Shuler, Jr..

315. As a consequence, Howard D. Shuler, Jr. has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

316. Specific complaints of Howard D. Shuler, Jr. that should be brought to the Court's attention include:
in that the Defendant reduced his pension twice.

317. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Howard D. Shuler, Jr. was proximately caused, by the Defendant, to suffer losses as set forth herein.

318. This action is timely brought, because Plaintiff Howard D. Shuler, Jr. has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the

loss of the aforementioned pension benefits.

319. As for Plaintiff, Robert Taylor, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 29 1/2 years.

320. Having retired with 29 1/2 years of seniority, Robert Taylor was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

321. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Robert Taylor.

322. As a consequence, Robert Taylor has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

323. Specific complaints of Robert Taylor that should be brought to the Court's attention include:

> a. The Defendant refused to accept his DCP money, thus lowering his monthly benefit.

> b. The Defendant delayed his pension processing and refused to permit Republic Technologies International, Beaver Falls Facility to pay him.

> c. The Defendant denied his shutdown benefits when the plant closed.

> d. The Defendant denied his creep time.

324. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Robert Taylor was proximately caused, by the Defendant, to suffer losses as set forth herein.

325. This action is timely brought, because Plaintiff Robert Taylor has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

326. As for Plaintiff, Jack Thomas, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 25.5 years.

327. Having retired with 5 1/2 years of seniority, Jack Thomas was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

328. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Jack Thomas.

329. As a consequence, Jack Thomas has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

330. Specific complaints of Jack Thomas that should be brought to the Court's attention include:

      a.    The Defendant, in determining the amount of his pension, failed to follow the rules of the contract.

      b.    The Defendant failed to take into account a "kicker" in the amount of $400.00.

      c.    The Defendant failed to give the creep time as set forth in the contract.

331. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs,

Plaintiff Jack Thomas was proximately caused, by the Defendant, to suffer losses as set forth herein.

332. This action is timely brought, because Plaintiff Jack Thomas has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

333. As for Plaintiff, Dennis Thumm, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 23.6 years.

334. Having retired with 23.6 years of seniority, Dennis Thumm was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

335. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Dennis Thumm.

336. As a consequence, Dennis Thumm has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

337. Specific complaints of Dennis Thumm that should be brought to the Court's attention include:

    a.    The Defendant refused to accept his DCP money.

    b.    The Defendant delayed his shutdown benefits when the Republic Technologies International, Beaver Falls Facility closed.

    c.    The Defendant   denied his   creep time in accordance with his contract.

338. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Dennis Thumm was proximately caused, by the Defendant, to suffer losses as set forth herein.

339. This action is timely brought, because Plaintiff Dennis Thumm has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

340. As for Plaintiff, Joseph Trzcinski, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 29 years and 7 months years.

341. Having retired with 29 years and 7 months of seniority, Joseph Trzcinski was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

342. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Joseph Trzcinski.

343. As a consequence, Joseph Trzcinski has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

344. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Joseph Trzcinski was proximately caused, by the Defendant, to suffer losses as set forth herein.

345. This action is timely brought, because Plaintiff Joseph

Trzcinski has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

346. As for Plaintiff, William J. Venezie, Sr., he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 29 years and 7 months years.

347. Having retired with 29 years and 7 months of seniority, William J. Venezie, Sr. was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

348. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff William J. Venezie, Sr..

349. As a consequence, William J. Venezie, Sr. has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

350. Specific complaints of William J. Venezie, Sr. that should be brought to the Court's attention include:

    a.    The Defendant would not accept his DCP money.

    b.    The Defendant refused to give him information when so requested.

351. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff William J. Venezie, Sr. was proximately caused, by the Defendant, to suffer losses as set forth herein.

352. This action is timely brought, because Plaintiff William J. Venezie, Sr. has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

353. As for Plaintiff, Edward M. Walsh, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 10 years.

354. Having retired with 10 years of seniority, Edward M. Walsh was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

355. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Edward M. Walsh.

356. As a consequence, Edward M. Walsh has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

357. Specific complaints of Edward M. Walsh that should be brought to the Court's attention include:

    a.    The Defendant refused to accept his DCP money.

    b.    The Defendant delayed his pension processing and refused to permit Republic Technologies International, Beaver Falls Facility to pay in the meantime.

    c.    The Defendant denied his creep time.

    d.    The Defendant denied his shutdown benefits when the Republic Technologies International, Beaver Falls Facility closed.

358. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Edward M. Walsh was proximately caused, by the Defendant, to suffer losses as set forth herein.

359. This action is timely brought, because Plaintiff Edward M. Walsh has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

360. As for Plaintiff, Louis A. Young, he worked at Republic Technologies International, Beaver Falls Facility and LTV Steel for 36 years and one month years.

361. Having retired with 36 years and one month of seniority, Louis A. Young was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

362. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Louis A. Young.

363. As a consequence, Louis A. Young has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

364. Specific complaints of Louis A. Young that should be brought to the Court's attention include:

     a.    The Defendant shorted his pension by 40%.

     b.    The Defendant denied his $400.00 per month kicker.

      c.    The Defendant denied giving him his creep time.

365. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Louis A. Young was proximately caused, by the Defendant, to suffer losses as set forth herein.

366. This action is timely brought, because Plaintiff Louis A. Young has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

367. The exercise of authority by the Defendant over the pension payments to the Plaintiffs has damaged them and threatens further damage to plaintiffs throughout the indefinite future as follows:

      a.    Plaintiffs have been underpaid pension benefits to which they are entitled.

      b.    Plaintiffs are periodically and wrongfully reduced in the amount of pension payments they receive.

368. As for Plaintiff, Paul Kane, he worked at Republic Technologies International, Beaver Falls Facility, and LTV Steel for 28.5 years.

369. Having retired with 28.5 of seniority, Paul Kane was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

370. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Paul Kane.

371. As a consequence, Paul Kane has been caused to lose a

substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

372. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Paul Kane was proximately caused, by the Defendant, to suffer losses as set forth herein.

373. This action is timely brought, because Plaintiff Paul Kane has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

374. As for Plaintiff, Lex Herbanik, he worked at Republic Technologies International, Beaver Falls Facility, and LTV Steel for 29.5 years.

375. Having retired with 29.5 of seniority, Lex Herbanik was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

376. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Lex Herbanik.

377. As a consequence, Lex Herbanik has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

378. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs,

Plaintiff Lex Herbanik was proximately caused, by the Defendant, to suffer losses as set forth herein.

379. This action is timely brought, because Plaintiff Lex Herbanik has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

380. As for Plaintiff, Tony Brianesco, he worked at Republic Technologies International, Beaver Falls Facility, and LTV Steel for 37.5 years.

381. Having retired with 37.5 of seniority, Tony Brianesco was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

382. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Tony Brianesco.

383. As a consequence, Tony Brianesco has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

384. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Tony Brianesco was proximately caused, by the Defendant, to suffer losses as set forth herein.

385. This action is timely brought, because Plaintiff Tony Brianesco has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the

loss of the aforementioned pension benefits.

386. As for Plaintiff, Charles Mahosky, he worked at Republic Technologies International, Beaver Falls Facility, and LTV Steel for 35.4 years.

387. Having retired with 35.4 of seniority, Charles Mahosky was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

388. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Charles Mahosky.

389. As a consequence, Charles Mahosky has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

390. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Charles Mahosky was proximately caused, by the Defendant, to suffer losses as set forth herein.

391. This action is timely brought, because Plaintiff Charles Mahosky has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

392. As for Plaintiff, Stanley Turak, he worked at Republic Technologies International, Beaver Falls Facility, and LTV Steel for 31.1 years.

393. Having retired with 31.1 of seniority, Stanley Turak was

entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

394. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Stanley Turak.

395. As a consequence, Stanley Turak has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

396. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Stanley Turak was proximately caused, by the Defendant, to suffer losses as set forth herein.

397. This action is timely brought, because Plaintiff Stanley Turak has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

398. As for Plaintiff, Art Evens, he worked at Republic Technologies International, Beaver Falls Facility, and LTV Steel for 24.7 years.

399. Having retired with 24.7 of seniority, Art Evens was entitled, by the terms of his contract, to creep time, which would have placed him into the position of being eligible to receive a full pension.

400. For reasons that are presently unknown, the Defendant chose not to award this creep time to Plaintiff Art Evens.

401. As a consequence, Art Evens has been caused to lose a substantial retirement benefit, in the form of a full pension, and he will continue to lose that sum of money for the remainder of his life.

402. As a consequence of the actions of the Defendant, and because of the information set forth in the above sub-paragraphs, Plaintiff Art Evens was proximately caused, by the Defendant, to suffer losses as set forth herein.

403. This action is timely brought, because Plaintiff Art Evens has just been notified of action being taken by the Defendant that, if not stopped by this Court, will result in the loss of the aforementioned pension benefits.

WHEREFORE, the Plaintiffs request damages, declaratory judgment, and injunctive relief as follows:

a. Damages in an amount within the jurisdiction of this Court, plus interest, to compensate each of them for the losses caused by the delays, wrongful reductions, and improper date of service calculations by the Defendant in the form of not crediting creep time to the amount of service for each Plaintiff with RTI;

b. A declaratory judgment that the Defendant has wrongfully committed the acts complained of herein; and

c. A permanent injunction restraining the Defendant, its agents, employees, representatives and all persons in concert with them from acting in any manner inconsistent with the judgment of this Court herein to interfere with the rights of plaintiffs.

of service for each Plaintiff with RTI;

b. A decletory judgement that the Defendant has wrongfully committeed the acts complained of herein; and

c. A permanent injunction restraining the defendant, its agents, employees, representatives and all persons in concert with them from acting in any manner inconsistent with the judgment of this Court herein to interfere with the rights of plaintiffs.

Respectfully Submitted:

PAUL DEPPENBROOK, plaintiff pro se
1324 4ᵗʰ Street
Beaver Falls PA. 15010
(724) 847-9142

ED ANTHONSEN, plaintiff

JOHN E. ATKINSON, plaintiff

LEE BLANKENBICKER, plaintiff

TONY BRIANCISCO, plaintiff

MICHAEL E. BURCKURE, plaintiff

RALPH CANANZI, plaintiff

HARRY P. CARCASE, plaintiff

PAUL BRUCE CERATTI, plaintiff

FRANK CHIRCO, plaintiff

E.J. CORBIN, plaintiff

DAVID CORY, plaintiff

ROGER COTTERMAN, plaintiff

ARTHUR BRUCE CRIBBS, plaintiff

WILLIAM EATON, plaintiff

ART EVANS, plaintiff

FRANK P. FERRERI, plaintiff

TERRY LEE FLUENT, plaintiff

JOHN W. FRITZ, plaintiff

WILLIAM GIPSON, plaintiff

OLSON W. GLOVER, plaintiff

RON GOSSARD, plaintiff

CLIFFORD J. HALSTEAD, plaintiff

ROBERT HEATON, plaintiff

ALEX HURBANEK , plaintiff

ROBERT C. HERRINGTON, plaintiff

WAYNE HOSCAR, plaintiff

JAMES MICHAEL HOWE, plaintiff

ROBERTR H. HOUSTON, plaintiff

CHARLES W. HUNTINGTON, plaintiff

PAUL KANE, plaintiff

RAYMOND KANE, plaintiff

KEITH A. KNOX, plaintiff

JACK E. LIBERT, plaintiff

JAMES M. MANNION, plaintiff

Charles Mahosky

JOHN R. MCDANEL, plaintiff

WILLIAM L. MCDOWELL, plaintiff

ALBERT MOORE, plaintiff
(A/K/A/ DENNY MOORE)

DAVID W. NAMOLA, plaintiff

JAMES B. NESTASIE, plaintiff

FRANK R. PARRISH, plaintiff

THOMAS R. PARRISH, plaintiff

JERRY W. POWERS, plaintiff

THOMAS M. PROCOVICH, plaintiff

RICHARD M. RIHELY, plaintiff

CARL ROSE, plaintiff

HOWARD D. SHULER, plaintiff

ROBERT TAYLOR, plaintiff

JACK THOMAS, plaintiff

DENNIS THUMM, plaintiff

JOSEPH TRCZINSKI, plaintiff   *Trzcinski*

STANLEY TUBER, plaintiff

WILLIAM J. VENEZIE, plaintiff

EDWARD M. WALSH, plaintiff   -J.R.M

LOUIS A. YOUNG, plaintiff

## VERIFICATION

We, the Plaintiffs herein, hereby depose and say subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities, that the facts set forth in the foregoing Verified Complaint are true and correct to the best of our knowledge, information, and belief.

PAUL DEPPENBROOK, Plaintiff

66